## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BARRON BROWN,
      Petitioner,

vs.

ROBIN KNAB, WARDEN,
      Respondent.

Civil Action No. 1:07-cv-587

Dlott, J.
Black, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus

pursuant to 28 U.S.C. §2254. This case is before the Court upon the petition (Doc. 1),

respondent's motion to dismiss (Doc. 6) and petitioner's memorandum in opposition thereto

(Doc. 7), and petitioner's motion requesting case be held in abeyance (Doc. 8) and respondent's

memorandum in opposition thereto (Doc. 9).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

Following a jury trial, petitioner was found guilty of possession of heroin and trafficking

in heroin, each with a major drug offender specification, and of conspiracy. (Doc. 6, Exh. 2). On

January 29, 2004, the trial court imposed consecutive ten-year terms of imprisonment for the

possession and trafficking convictions, to be served concurrent to five years imprisonment for the

conspiracy conviction. Petitioner was also sentenced to concurrent seven year sentences for each

major drug offender specification, to be served consecutive to the possession and trafficking

convictions for a total aggregate term of twenty-seven years. (Doc. 6, Exh. 7).

## Direct Appeal

On February 26, 2004, petitioner, through counsel, filed a timely appeal to the First

District Court of Appeals, Hamilton County, Ohio. Petitioner challenged the trial court's denial

of his motion to suppress the evidence and his conviction based upon insufficient evidence. (Doc.

6, Exhs. 8, 10). On December 15, 2004, the Ohio Court of Appeals affirmed the trial court's

denial of the motion to suppress, affirmed petitioner's convictions for possession and trafficking

heroin, and reversed the conviction for conspiracy. (Doc. 6, Exh. 11). The Court of Appeals

noted that under Ohio Rev. Code § 2923.01(G), petitioner could not have been separately

convicted of both conspiracy to commit a specific offense and the specific offense itself. (Doc. 6,

Exh. 11 at 3).

Petitioner did not pursue an appeal to the Supreme Court of Ohio.

## Application to Reopen

On March 8, 2005, petitioner filed a *pro se* application to reopen his direct appeal

pursuant to Ohio App. R. 26(B) in the Ohio Court of Appeals. Petitioner asserted that his

appellate counsel was ineffective by failing to raise the following assignments of error:

> 1. The trial court commits prejudicial error by not granting a mistrial when the
> State does not disclose confidential informant, per court order, in violation of
> constitutional amendment 6 and 14 of the United States.
>
> 2. The trial commits prejudicial error by not granting Rule 29 motion to acquittal
> or renewed motion for mistrial, when the court had made a ruling on limited
> confidential informant information that was not to come into the trial and
> prejudicial statements of Detective Ingram.
>
> 3. The prosecutor commits reversible error when he allows its witness to perjure
> themselves when testifying at trial.

2

4. The trial court abused its discretion when it gave instructions on aiding and abetting when defendant had not been indicted on complicity, of which aiding and abetting is an element.

5. The trial court erred to the prejudice of the defendant by entering a conviction against the manifest weight of the evidence.

(Doc. 6, Exh. 12). On April 19, 2005, the Ohio Court of Appeals denied the application to reopen finding that petitioner failed to meet his burden of demonstrating a genuine issue of fact as to whether he had a colorable claim of ineffective assistance of counsel on appeal. (Doc. 6, Exh. 14).

Petitioner filed a timely *pro se* appeal to the Supreme Court of Ohio. (Doc. 6, Exh. 15). On August 10, 2005, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Exh. 18).

## Post-Conviction Motion

On June 8, 2007, petitioner filed a *pro se* motion for post-conviction relief in the Hamilton County Common Pleas Court challenging the imposition of maximum and consecutive sentences and the jury instructions. (Doc. 6, Exh. 19). Petitioner also filed a motion for summary judgment in the same proceeding. On October 5 and 9, 2007, the trial court overruled petitioner's motions for summary judgment and post-conviction relief respectively. (Doc. 6, Exhs. 23, 24).

Petitioner filed a motion for delayed appeal to the Ohio Court of Appeals, which was granted by entry dated January 9, 2008. (Doc. 9, Exhs. A-D).

## Federal Habeas Corpus

Meanwhile, on July 10, 2007, petitioner, proceeding *pro se*, filed a petition for writ of

3

habeas corpus in this Court. (Doc. 1). The petition sets forth five grounds for relief:

**GROUND ONE**: The trial court commits prejudicial error by not granting a mistrial when the State does not disclose confidential informant per court order, in violation of Constitutional Amendments 6, 14, of the United States.

**Supporting Facts**: The entirety of the State's case in the view of attorney Lewis was initiated by the alleged information given by the confidential informant. Without the CI testifying to the veracity of his statements every other testimony along those lines by detectives, must be classified as hearsay. No instructions by the Court could cure the harm in allowing this hearsay testimony and the harm that befell defendant because of this decision to allow the testimony warranted a mistrial.

**GROUND TWO**: The trial court commits prejudicial error by not granting a Rule 29 motion to acquittal or renewed motion for a mistrial when the court had made a ruling on limited confidential informant testimonial statements by Detective Ingram.

**Supporting Facts**: In appellant's first assignment of error the court denied a motion for a mistrial but stated that it would limit information allowed to come into trial concerning the involvement of the confidential informant. No information was limited and Detectives were allowed to testify outside the scope allowed by the court over the objections of the defense trial counsel. Trial counsel renewed his request for an acquittal to the court in the form of Rule 29 motion.

**GROUND THREE**: A prosecuting attorney commits reversible error when he allows its witness to perjure themself (sic) when testifying at trial.

**Supporting Facts:** Appellant submits that the prosecutor knew and allowed its chief witness to perj record.

**GROUND FOUR**: The trial court abused its discretion when it gave instructions on aiding and abetting when defendant had not been indicted on complicity of which aiding and abetting is an element.

**Supporting Facts**: The prosecutor submitted aiding and abetting instructions to the court over the vehement objections of the defense. See: Tp. pages 555-558. Aiding and abetting is an element of complicity buy not an element of conspiracy although the word aid is used in both statutory languages of each crime, only the complicity statute uses aiding and abetting in its entirety.

4

**GROUND FIVE**: The trial court erred to the prejudice of the defendant by entering a conviction against the manifest weight of the evidence.

**Supporting Facts**: To prevail on arguments that the jury's verdict was against the manifest weight of the evidence appellant must demonstrate that there was not competent credible evidence going to all essential elements of the case.

(Doc. 1, attachment at 1-2).

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

5

In this case, Grounds One through Five of the petition seek habeas corpus relief based on alleged errors that occurred during petitioner's state court trial proceedings. Because nothing in the record suggests that petitioner could not discover the factual predicates of his grounds for relief through the exercise of due diligence before the conclusion of direct review in the Ohio courts, his claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on January 31, 2005, forty-five days after the Ohio Court of Appeals' December 15, 2004 decision affirming petitioner's trafficking and possession convictions and reversing his conspiracy conviction. (Doc. 6, Exh. 11).[1] Therefore, the statute of limitations commenced running the following day on February 1, 2005, and expired one year later on February 1, 2006, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied,* 530 U.S. 1210 (2000). *See*

---

[1] Under Ohio law, petitioner had forty-five day to file an appeal with the Supreme Court of Ohio from the date of the decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Although the forty-five day period actually expired on January 29, 2005, a Saturday, Rule XIV § 3(A) instructs that if the last day of filing falls on a Saturday, Sunday, or legal holiday, the period is extended to the end of the next day that is not a Saturday, Sunday, or legal holiday. Therefore, petitioner had until January 31, 2005 to file his appeal with the Supreme Court of Ohio. *See Smith v. State of Ohio Dept. of Rehabilitation and Corrections,* 463 F.3d 426, 429 n.1 (6th Cir. 2006).

6

*also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

Petitioner filed his application to reopen his direct appeal pursuant to Ohio App. R. 26(B) in the Ohio Court of Appeals on March 8, 2005. At this point, the statute of limitations had run for 35 days. The statute remained tolled until August 10, 2005, the date the Supreme Court of Ohio dismissed petitioner's appeal as not involving any substantial constitutional question.[2] (Doc. 6, Exh. 18). The statute resumed running on August 11, 2005, and expired 330 days later on July 7, 2006.

Petitioner's motion for post-conviction relief, filed on June 8, 2007, does not serve to toll the statute of limitations since the statute expired before the motion was filed. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the AEDPA's one-year period had expired eleven months before petitioner filed his motion for post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision do apply.

The statute of limitations in this matter expired on July 7, 2006. Petitioner's habeas corpus petition was filed in this Court on July 10, 2007 and, accordingly, it was submitted over one year and three days too late.

---

[2] The statute did not remain tolled for the additional 90 days in which petitioner could have appealed to the United States Supreme Court. *See Lawrence v. Florida,* __ U.S. __, 127 S.Ct. 1079, 1082 (2007). Prior to the Supreme Court's decision in *Lawrence,* the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence,* 127 S.Ct. 1079. After *Lawrence,* however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.

7

Petitioner concedes that his habeas petition is time-barred. (Doc. 1, attachment, memorandum at 2). Nevertheless, he argues that he is entitled to equitable tolling in this matter.

The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The Court of Appeals held in *Souter* that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602. The Court of Appeals has counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling.

8

*Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner contends he is entitled to equitable tolling under the "actual innocence" exception. (Doc. 7 at 2). He contends that but for the trial court's erroneous jury instruction on "aiding and abetting" no reasonable juror would have found him guilty of possession and trafficking in heroin. (Doc. 7 at 3-4).

Petitioner fails to meet his burden of establishing actual innocence under *Souter.* Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Souter,* 395 F.3d at 590. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Souter,* 395 F.3d at 590 (quoting *Schlup,* 513 U.S. at 324). Petitioner has provided no new exculpatory evidence in support of his claim of actual innocence. Rather, he premises his actual innocence claim on the basis of an allegedly erroneous jury instruction at trial (Ground Four of his habeas petition). A claim that a jury was erroneously instructed is a claim of legal innocence, not factual innocence, and does not entitle petitioner to equitable tolling. *See Harvey v. Jones,* 179 Fed. Appx. 294, 298 (6th Cir. 2006) (and cases cited therein)[3]. Petitioner's contention that Ground Four of his habeas petition has merit is not "new reliable evidence."

---

[3] *See also Allen v. Yukins,* 2002 WL 31962611, *7 (E.D. Mich. Dec.23, 2002) (petitioner's jury instruction claim and re-argument of trial evidence cannot be considered by court in determining whether actual innocence exception exists); *Holloway v. Jones,* 166 F. Supp.2d 1185, 1190 (E.D. Mich. 2001) (claim of legal insufficiency of evidence will not be considered by federal court in determining actual innocence).

9

Petitioner has not shown evidence of actual innocence sufficient to excuse his failure to file a federal habeas petition within the one-year AEDPA statute of limitations.

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. To the extent petitioner argues that he retained a lawyer to represent him in this habeas corpus proceeding and the lawyer failed to timely file the petition on his behalf (Doc. 1, attachment, memorandum at 2-3), his argument is without merit. Petitioner, by his own admission, did not retain the lawyer until July 26, 2006 (Doc. 1, attachment, memorandum at 2), some nineteen days *after* the statute of limitations had already expired. The tardy retention of the lawyer, and not the lawyer's alleged failure to timely file the petition, caused the statute of limitations to be missed in this case. Nor does petitioner explain why he waited nearly one year thereafter to file his habeas petition pro se.

In addition, petitioner's contentions that his co-defendant perjured herself at trial and had a motive to testify against him, that the prosecutor's misconduct deprived him of a fair trial, and that the evidence was not sufficient to sustain his convictions (Doc. 7 at 6-8), are directed to the merits of his habeas claims and do not excuse his late filing in this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

10

## III. PETITIONER'S MOTION REQUESTING CASE BE HELD IN ABEYANCE SHOULD BE DENIED.

Petitioner has filed a motion to hold this case in abeyance pending resolution of his motion for delayed appeal of the trial court's denial of his post-conviction petition. (Doc. 8). As explained above, his post-conviction petition was filed after the expiration of the statute of limitations. Therefore, his delayed appeal of the denial of his post-conviction petition can neither toll nor revive the statute of limitations in this case. *Vroman*, 346 F.3d at 602. A stay of this case would serve no useful purpose. Accordingly, petitioner's motion should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED** and that the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. Petitioner's motion requesting case be held in abeyance (Doc. 8) be **DENIED.**

3. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

11

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 6/6/08

Timothy S. Black
United States Magistrate Judge

12

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BARRON BROWN,                                                    Civil Action No. 1:07-cv-587
    Petitioner,

                                            Dlott, J.
    vs.                                                         Black, M.J.

ROBIN KNAB, WARDEN,
    Respondent.

### NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S.

Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28

U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation

within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court

and serve on all other parties written objections to the Report and Recommendation, specifically

identifying the portion(s) of the proposed findings, recommendations, or report objected to, together

with a memorandum of law setting forth the basis for such objection(s) Any response by an

opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing

party has been served with the objections. A party's failure to make objections in accordance with

the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,*

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13